**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-63127-KUNTZ**

**YASIEL CRESPO SOTO,**

Petitioner,

v.

**WARDEN / FACILITY ADMINISTRATOR, BROWARD TRANSITIONAL CENTER,**

Respondent.
___________________________________/

# ORDER

**THIS CAUSE** comes before the Court *sua sponte* on the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [ECF 1], filed by Yasiel Crespo Soto on November 6, 2026. Detained by U.S. Immigration and Customs Enforcement (ICE) since November 5, 2026, the Petition does not cite any cases, statutes, or constitutional provisions across four generic grounds for immediate relief. *Id.* at 6. Instead, without exhausting administrative remedies either, the petitioner merely contends that he has posted bond in state court for a criminal charge in Florida, so federal authorities may not detain him. *Id.* at 9. Yet, despite sharing an array of personal exhibits following one day of detention [ECF 1-1 at page 13], the petitioner does not provide any exhibit regarding the state charge. In any event, the alleged circumstances of confinement clearly fail to afford an entitlement to habeas relief. Therefore, notwithstanding other confounding defects, the Petition is **DENIED**.

### *Background*

Although the Petition lacks key specifics, it appears that the petitioner is a forty-year-old Cuban national. [ECF 1-1 at page 10]. His time and method of illegal entry remain unknown, but the Petition alludes to a "pending criminal charge." [ECF 1 page 3]. Importantly, "[f]ollowing the recent passage of the Laken Riley Act, Pub. L. 119-1, 139 Stat. 3 (2025) (codified at 8 U.S.C. § 1226(c)(1)(E)), Congress expanded the mandatory detention provisions of § 1226(c) specifically to include present, unadmitted aliens who were convicted of or **charged with** certain offenses." *Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1278 (11th Cir. 2026) (emphasis added). To that end, 8 U.S.C. § 1101(a)(43)(G) identifies certain offenses, such as "aggravated felony," including "a theft offense... for which the term of imprisonment [is] at least one year."[1] In turn, denial should flow from that framework. But regardless, the Petition is conclusory in demanding "immediate release," while bypassing administrative remedies. [ECF 1 at page 9]. In fact, none of the four grounds raised by the petitioner form a legal challenge. *Id.* at 8-9. So, absent authority, the Court must not fashion a legal challenge.

## I. LEGAL STANDARD

Under 28 U.S.C. § 2241(a), a district court may grant a writ of habeas corpus as "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207, 171 L. Ed. 2d 1 (2008) (citations omitted). So, any petitioner who

---

[1] The INA does not define "theft offense," so courts "construe that term according to the generic definition of 'theft.'" *Ramdial v. U.S. Att'y Gen.*, No. 25-10093, 2026 WL 2453337, at *3 (11th Cir. Aug. 21, 2026).

demonstrates as much under the Constitution or federal law may request immediate release per 28 U.S.C. § 2241(c)(3). Yet, fundamentally, habeas relief is discretionary. *See Withrow v. Williams*, 507 U.S. 680, 716-19 (1993); *see also Hernandez v. Warden, Krome Serv. Processing Ctr.*, 26-cv-22756, 2026 U.S. Dist. LEXIS 117942, at *8-9 (S.D. Fla. May 28, 2026). Of course, courts may exercise jurisdiction over certain challenges to immigration-related custody. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). However, Section 2243 also authorizes courts to deny legally insufficient petitions without ordering responsive briefing. *See* 28 U.S.C. § 2243 ("A court… entertaining an application for a writ of habeas corpus shall forthwith award the writ or… direct[] the respondent to show cause why the writ should not be granted, **unless** it appears from the application that the applicant… is not entitled thereto.") (emphasis added); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face…" (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994))).

## II. DISCUSSION OF DENIAL

"The burden of establishing a right to federal habeas relief and of proving all facts necessary to show a constitutional violation lies with the petitioner." *Whitfield v. United States Sec'y of State*, 853 F. App'x 327, 329 (11th Cir. 2021); *see also*, *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007). Here, the petitioner shirks his burden by failing to show a constitutional violation, as the Petition resembles an appeal to character more than an appeal to authority.

*See Demore v. Kim*, 538 U.S. 510 (2003); *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

Relatedly, district courts throughout the country have also held that "Section 1226(c)(1)(E) applies to noncitizens who are merely 'arrested for' for certain crimes, even though the charge has not been proved, and the noncitizen might ultimately be exonerated." *T.C. v. Genalo*, 26-cv-5000, 2026 U.S. Dist. LEXIS 203802, at *7 (E.D.N.Y. Sept. 8, 2026); *see also Oldacre v. Arteta*, 26-cv-2672, 2026 U.S. Dist. LEXIS 111247, 2026 WL 1398650, at *4 (S.D.N.Y. May 19, 2026), *amended in part*, 26-cv-2672, 2026 U.S. Dist. LEXIS 132104, 2026 WL 1718184 (S.D.N.Y. June 12, 2026); *see also Hanson v. Joyce*, No. 26-cv-3326, 2026 U.S. Dist. LEXIS 158345, 2026 WL 2058445, at *2 (S.D.N.Y. July 16, 2026). Notably, the Petition does not explain how the petitioner escapes mandatory detention per Section 1226(c)(1)(E). *C.f. Moreno Marquez v. Warden, N. Fla. Det. Facility*, No. 3:26-CV-635-TJC-PDB, 2026 WL 1905796, at *3 (M.D. Fla. July 2, 2026) (finding a Venezuelan national avoided mandatory detention due to the prospect of a short sentence).

Nevertheless, habeas relief is discretionary, so sufficient facts must justify release, unless "equitable principles dictate that [the Court] deny the Petition." *Hernandez v. Warden, Krome Serv. Processing Ctr.*, 26-cv-22756, 2026 U.S. Dist. LEXIS 117942, at *8-9 (S.D. Fla. May 28, 2026). *See generally Withrow v. Williams*, 507 U.S. 680, 716-19 (1993). To that effect, unlike the petitioner, "Hernandez Alvarez ha[d] no criminal history." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami,* 175 F.4th 1258, 1263 (11th Cir. 2026). So, even if this petitioner had

properly invoked any legal authority, "holdings of a prior decision can reach only as far as the facts and circumstances presented to the Court in the case which produced that decision." *United States v. Aguillard*, 217 F.3d 1319, 1321 (11th Cir. 2000) (citations omitted). Again, instead of referring to binding precedents, family and friends are cited. [ECF 1-1 at page 22].

As such, "Section 2243 authorizes courts to deny legally insufficient petitions for habeas corpus without ordering responsive briefing." *Perez v. Gonzalez*, - F. Supp. 3d -, 26-cv-62467, 2026 WL 2792870, at *4 (S.D. Fla. Sept. 10, 2026). Separately, the Petition neglects the petitioner's "immediate custodian," too. *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004). Even though, "when petitioned to interfere with the workings of the State of Florida… the petitioner must clearly and unequivocally allege the identity of his immediate custodian at the relevant time, and name that individual as the respondent." *Chirinos v. Immigr. & Customs Enf't*, No. 6:26-CV-00264 AGM-DCI, 2026 WL 327639, at *6 (M.D. Fla. Feb. 8, 2026).

## III. CONCLUSION

In short, the Petition is premature, and as pled, does not form an argument for habeas relief. *See Portillo v. Gualtieri*, No. 8:26-CV-1718-KKM-LSG, 2026 U.S. Dist. LEXIS 158467, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026). Accordingly, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that the Petition [ECF 1] is **DENIED**. Further, the Clerk must **CLOSE** this case, and all pending motions, if any, are **DENIED** as moot.

**DONE** in Chambers in Fort Lauderdale, Florida on November 16, 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record, petitioner, *pro se*